# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8262 | **DATE** | 8/28/2003 |
| **CASE TITLE** | SEC Design Technologies vs. ADEPT Technologies | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss Counts II and III is granted. Defendant's motion for a more definite statement and to strike is denied. Enter Memorandum Opinion and Order. Discovery is ordered closed on 12/31/03. Pretrial order will be due by 1/30/04; and response to any motions in limine by 2/13/04. Pretrial conference set for 2/25/04 at 4:00 p.m. Trial set for 3/15/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 29 2003 date docketed | 21 |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | | 8/28/2003 date mailed notice |
| MPJ | courtroom deputy's initials | 03 AUG 28 PM 4:49 Date/time received in central Clerk's Office | MPJ6 mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**SEC DESIGN TECHNOLOGIES, INC.,**      )
                                        )
        Plaintiff,                )
                                        )
v.                                      )
                                        )  No. 02 C 8262
**ADEPT TECHNOLOGY, INC.,**             )
                                        )
        Defendant.                )
                                        )

## MEMORANDUM OPINION AND ORDER

Plaintiff SEC Design Technologies, Inc. ("SEC"), an Illinois corporation, sues defendant Adept Technology, Inc. ("Adept"), a California corporation, claiming breach of contract, common law fraud, and Illinois statutory fraud. Adept's motion to dismiss the case for improper venue was denied following an evidentiary hearing. Adept also moves to dismiss Counts II and III, to demand a more definite statement from the plaintiff, and to strike certain allegations from the complaint. I grant the motions to dismiss Counts II and III, deny the motion for a more definite statement, and deny the motion to strike.

Adept moves to dismiss Count II for failure to state a claim on the ground that the allegedly fraudulent statements it made were prospective statements about the future, not statements about past or present facts, and as such the statements are not actionable as fraud. *Lefebvre Intergraphics Inc. v. Sanden Mach. Ltd.*, 946 F. Supp. 1358, 1366 (N.D. Ill. 1996) (Alesia, J.). However, the

complaint is so vague that it is impossible to determine whether the alleged statements concerned present or future facts. The complaint states only that at some point "prior to" entering into the contract, Adept made "certain statements about its capability to produce the products and services which were untrue." Thus, Adept's argument that the count must be dismissed because the alleged statements concerned the future is unavailing.

Similarly, I am not able to evaluate the merits of the motion to dismiss Count III. Count III alleges a violation of 815 ILL. COMP. STAT. 505/1, the Illinois consumer protection statute. The statute applies only to contracts concerning the purchase of goods not for resale. 815 ILL. COMP. STAT. 505/1(e) (2003). Adept points out that the complaint alleges that the contract between SEC and Adept concerned the sale of products and services that were to be included with a contract between SEC and a third party. Therefore, it argues, SEC does not have standing to sue under the statute. However, contrary to Adept's argument, the fact that the goods and services were to be included within a contract between SEC and a third party does not mean that they were going to be resold. Adept has failed to show that the statute does not apply to the contract under dispute.

Even so, I grant the motions to dismiss Counts II and III because SEC has failed to comply with Rule 9(b), which requires that all averments of fraud or mistake be pleaded with

particularity. FED. R. CIV. P. 9(b). This must include, at a minimum, the "who, what, where, and when" of the alleged fraud. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). The complaint does not meet a single one of these requirements as to either Count II or Count III. It does not specify who made the allegedly fraudulent statements, attributing them solely to "the defendant," a corporation. It does not specify what was said. It makes no mention of where the statements were made. Finally, it does not specify when the statements were made, stating only that they were made "prior to" the contract. Therefore, the motions to dismiss Counts II and III are GRANTED.

Adept moves for a more definite statement under Rule 12(e) on the ground that it cannot properly respond to the complaint because the complaint does not identify the source of the damages allegedly incurred. Adept requests an itemization of damages in order to help it frame its response, "insomuch as the damages alleged may be greater than the damages to which they are entitled." A complaint which does not allege fraud or mistake need only set forth "a short and plain statement of the claim" and "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Itemization of damages sought is not required. In its complaint, SEC seeks $346,000.00 in compensatory damages. Adept can respond to the one remaining count, Count I, without itemization. The motion for a more definite statement is DENIED.

Finally, Adept moves to strike "certain damages alleged by SEC ... insomuch as they exceed the limitation on damages set forth in the contract." Rule 12(f) permits the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). There is nothing redundant, immaterial, impertinent, or scandalous in SEC's claim that it is entitled to substantial damages. If SEC is not entitled to the damages it claims, that will surely become clear during discovery. The motion to strike is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: August 28, 2003